NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-4101
_____

RONALD E. MUTH

v.

DENNIS A. WOODRING; JEFFREY M. SHRIVER;
CITY OF HARRISBURG, PA; DAUPHIN COUNTY, PA;
STATE FARM FIRE AND CASUALTY COMPANY

Jeffrey M. Shriver,
                              Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-14-cv-01798)
District Judge:  Hon. Yvette Kane
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
November 3, 2016

Before:   JORDAN, GREENAWAY, JR., and RENDELL, *Circuit Judges*.

(Filed November 15, 2016)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

JORDAN, *Circuit Judge*.

Jeffrey Shriver, a detective with the Harrisburg Bureau of Police, appeals the partial denial of his motion to dismiss the complaint brought against him by Albert Muth. The complaint alleges, among other things, that Shriver violated Muth's constitutional rights, and therefore is liable under 42 U.S.C. § 1983, because Shriver maliciously prosecuted Muth for several felonies. Shriver argued in his motion to dismiss that he was entitled to qualified immunity. For the reasons discussed below, we will vacate the District Court's order to the extent it denied Shriver's motion and remand the matter for further consideration.

## I.    Background

Muth owned a rental property in Harrisburg, Dauphin County, Pennsylvania, that was damaged by fire. Shriver investigated the fire and deemed it suspicious. Four months after the fire, Shriver filed three state law felony charges against Muth.[1] Attached to the charging form was Shriver's affidavit of probable cause supporting the enumerated charges. Based on that affidavit, a warrant was issued and the Pennsylvania State Police promptly arrested Muth at work and took him to be arraigned. He was released on a $50,000 unsecured bond and was subject to nonmonetary bail conditions.

Three years after Shriver filed the charges and probable cause affidavit, the Commonwealth filed an application for *nolle prosequi*, abandoning Muth's prosecution on all charges. Muth subsequently filed this federal civil action against Shriver, another

---

[1] Muth was charged with (1) Arson Endangering Persons (Felony 1), 18 Pa. Cons. Stat. § 3301(a)(1)(I); (2) Causing or Risking Catastrophe (Felony 3), 18 Pa. Cons. Stat. § 3302(b); and (3) Insurance Fraud (Felony 3), 18 Pa. Cons. Stat. § 4117(a)(2).

2

investigator, his insurance company, and Dauphin County. His principal allegation is that the defendants acted, both jointly and individually, to violate his Fourth Amendment right against unlawful seizure, as incorporated against the states by the Fourteenth Amendment, by engaging in malicious prosecution.

Various defendants, including Shriver, filed motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). In his motion, Shriver asserted that Muth had failed to adequately claim any violation of the Fourth Amendment. The Court granted the motion to dismiss in part, but it did not dismiss the malicious prosecution count against Shriver. This timely appeal followed.

## II.     Discussion[2]

Whether an officer is entitled to qualified immunity is a question of law. "We [thus] exercise plenary review over the District Court's qualified immunity rulings." *Argueta v. U.S. Immigration & Customs Enf't*, 643 F.3d 60, 69 (3d Cir. 2011).

Qualified immunity is not merely immunity from liability, but rather immunity from suit, operating to free the recipient from the burdens of litigation. *Plumhoff v. Rickard*, 134 S. Ct. 2012, 2019 (2014). Because of that, the Supreme Court and our cases have "stressed the importance of resolving immunity questions at the earliest possible stages of litigation." *Curley v. Klem*, 298 F.3d 271, 277 (3d Cir. 2002) (applying *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)). Here, the District Court properly considered

---

[2] The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. § 1291 because the denial of qualified immunity is an immediately appealable order. *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985).

Shriver's qualified immunity at the threshold of litigation, before discovery, in the context of a motion to dismiss.  The Court did not, however, complete the analysis.

When evaluating a claim of qualified immunity, courts engage in a two-pronged inquiry. The first prong probes whether the allegations, "[t]aken in the light most favorable to the party asserting the injury, ... show the officer's conduct violated a [federal] right[.]" *Saucier v. Katz*, 533 U.S. 194, 201 (2001).  The second prong asks "whether the law was clearly established at the time of the violation." *Kelly v. Borough of Carlisle*, 622 F.3d 248, 253 (3d. Cir. 2010).  The focus is on whether the law, at the time of the challenged incident, is sufficiently clear to "provide[] fair warning to the defendants that their alleged conduct was unconstitutional." *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (internal quotation marks and citation omitted).  It is the defendant official's burden to establish that he is entitled to qualified immunity. *Kopec v. Tate*, 361 F.3d 772, 776 (3d Cir. 2004).

We have recognized that courts are free to examine the two prongs of the qualified immunity analysis in either order. *Kelly*, 622 F.3d at 253-54.  For efficiency, a court may elect to consider the "clearly established" prong first because, if that prong is not satisfied, then qualified immunity applies. *Pearson v. Callahan*, 555 U.S. 223, 242 (2009).  In that circumstance, no conclusion is made about the constitutionality of the officer's conduct. *Id.* at 241 (noting that resolving a case solely on the basis of the clearly established prong is consistent with the principle of constitutional avoidance)

If, however, a court elects to first consider whether the conduct violated a constitutional right, then both prongs of the test must be completed to determine if

4

qualified immunity applies. *See Pearson*, 555 U.S. at 232 (explaining that the "'driving force' behind creation of the qualified immunity doctrine was a desire to ensure that 'insubstantial claims' against government officials [will] be resolved prior to discovery" (citation omitted) (first alteration in original)).

In this instance, the District Court proceeded by first considering whether Muth had pleaded a legally sufficient case for malicious prosecution such that his Fourth Amendment rights had been violated. The Court said that "the allegations of Plaintiff's amended complaint suffice to state a claim for malicious prosecution pursuant to Section 1983 … ." (App. at 26a.) But it then explained that it had not reached "a definitive determination that Defendant Shriver violated Plaintiff's constitutional rights[.]" (App. at 26a.) It is not clear, therefore, whether the Court completed the first prong of the qualified immunity inquiry.

Regardless, the District Court should not have reached a decision on Muth's motion to dismiss without completing the second prong of the qualified immunity analysis.[3] Even if Muth had plausibly claimed a violation of his Fourth Amendment rights, the Court should have still considered whether, "in light of the specific context of the case," *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (quoting *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004)), Shriver would have been on notice that his actions were unlawful. Failing to do so was error and requires us to return this matter to the District Court.

---

[3] We take no position on whether qualified immunity should apply.

5

**III.  Conclusion**

For the foregoing reasons, we will vacate the District Court's order to the extent it denied Shriver's Rule 12(b)(6) motion and will remand the case for additional proceedings to fully evaluate whether Shriver is entitled to qualified immunity.