607 A.2d 764

**COMMONWEALTH of Pennsylvania**

v.

**Floyd FORD, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 22, 1991.

Filed April 30, 1992.

Lori J. Barger, Harrisburg, for appellant.

Gloria T. McPherson, Asst. Dist. Atty., Shermansdale, for Com., appellee.

Before WIEAND, MONTEMURO and KELLY, JJ.

MONTEMURO, Judge:

This is an appeal from a judgment of sentence entered after appellant was convicted of arson endangering persons and arson endangering property. Appellant raises four issues on appeal: (1) whether the evidence was insufficient to support the convictions; (2) whether the trial court erred in failing to declare a mistrial when a Commonwealth witness testified that appellant had previously been charged

with an unrelated act of arson; (3) whether the trial court erred in allowing the Commonwealth to reopen its case to present testimony to refute appellant's alibi without proper notice to the defense; and (4) whether the trial court erred in failing to hold a suppression hearing with respect to a statement that appellant gave to Detective Fegan. For the reasons set forth below, we reverse the judgment of sentence and remand for a new trial.

On December 24, 1989, at approximately 8:30 p.m., the home of Rosa Venable became engulfed in flames. At the time, Veronica Ford and her children were living with Ms. Venable because Ms. Ford and her husband, Floyd Ford, the appellant, were separated. Both exits of the house were on fire and unusable. Ms. Ford and her children were able to escape from bedroom windows, but Ms. Venable was confined to a wheel chair and was unable to exit the home until the arrival of the firefighters. Later investigation revealed that the fire had been intentionally set by someone who had doused both entrances to the house with gasoline and set them afire.

At trial, the evidence indicated that during the week preceding the fire, appellant and his wife had numerous arguments regarding the state of their marriage. On December 24, 1989, the calls culminated in a statement by appellant to his wife that, "Bitch, one of these days you are going to make me kill you." Upon leaving the burning house, Veronica Ford noticed appellant at the scene of the fire. She spoke with him briefly, but when Detective Woodring approached, appellant abruptly ended the conversation and walked away. Appellant later made statements to the police regarding his whereabouts on the evening of the fire. He indicated that he was with his brother the entire evening, and that he did not set the fire. At trial, however, the evidence indicated that appellant and his brother were in fact separated for two hours between 7:00 and 9:00 p.m. During this period appellant's brother visited with a friend who lived just two blocks away from the Venable residence while appellant waited for him outside in

the car.[1] During the trial, one of the witnesses testified that appellant told him that he was going to "beat" the arson charge because the Commonwealth would be unable to prove that he was at the Venable residence when the fire started. The witness further testified that appellant said that he would "beat" the arson charge because his wife would not testify against him, knowing that he would kill her if she did. Finally, there was evidence suggesting that appellant had intimidated the Commonwealth witnesses whom he knew were going to testify against him. Although none of the witnesses directly stated that they were threatened by appellant, one of the witnesses stated that he was threatened by someone not to testify against appellant.

From this evidence, appellant was found guilty by a jury of arson endangering persons and arson endangering property. Following the denial of appellant's post trial motions, he was sentenced to a term of five to ten years incarceration. This appeal follows.

Initially, we note that when reviewing a challenge to the sufficiency of the evidence, we must determine "whether, viewing all the evidence admitted at trial, together with all reasonable inferences therefrom, in the light most favorable to the Commonwealth, the trier of fact could have found that each element of the offenses charged was supported by evidence and inferences sufficient in law to prove guilt beyond a reasonable doubt." *Commonwealth v. Jackson*, 506 Pa. 469, 472–473, 485 A.2d 1102, 1103 (1984). "This standard is equally applicable to cases where the evidence is circumstantial rather than direct so long as the combination of evidence links the accused to the crime beyond a reasonable doubt." *Commonwealth v. Hardcastle*, 519 Pa. 236, 246, 546 A.2d 1101, 1105 (1988).

In this case, we find that the evidence was sufficient to support appellant's conviction. It is well estab-

1. At trial, appellant denied that he was waiting for his brother in the car for any length of time. He testified that his brother knocked on the door of his friend's house, but when there was no answer, the two men left.

lished that a conviction for arson may be based solely on circumstantial evidence. *Commonwealth v. Trafford,* 312 Pa.Super. 578, 459 A.2d 373 (1983). A conviction for arson requires that the Commonwealth establishes: (1) that there was a fire; (2) that it was of incendiary origin; and (3) that appellant set the fire. *Commonwealth v. Galloway,* 302 Pa.Super. 145, 151, 448 A.2d 568, 571 (1982). Here the first two elements are uncontested. Appellant's only argument is that the evidence was insufficient to prove that he was the person who set the fire. We disagree and find that the evidence presented to the jury, i.e., appellant's motive, his presence near the scene when the fire was set, his presence at the scene shortly after the fire was set, appellant's apparent falsification of his whereabouts on the night of the fire, and the intimidation of the Commonwealth's witnesses, was sufficient to support appellant's conviction.

Although we find that there was sufficient evidence to convict appellant, we reverse and grant appellant a new trial based on the testimony regarding appellant's prior arson charge. At trial, during the direct examination of one of the Commonwealth's witnesses regarding a conversation he had with appellant, the following testimony was elicited:

Q. What did [Floyd Ford] say about the arson?

A. (There is no response)

Q. You've indicated he didn't tell you he did it, but he didn't tell you he didn't do it?

A. He told me he was charged with an arson charge.

Q. All right. What else did he tell you?

A. That he had an arson charge before—

At this point, appellant's counsel objected, and moved for a mistrial. The motion was denied, and the trial proceeded without any further mention of appellant's prior arson charge.

Generally, the decision to grant a mistrial is within the sound discretion of the trial court, whose decision will not be reversed absent a manifest abuse of discretion. *Commonwealth v. Duffy,* 391 Pa.Super. 602, 571 A.2d 1079

(1990). While not all statements regarding the accused's prior criminal conduct require a mistrial, when the accused is prejudiced by the reference, a mistrial must be granted. *Commonwealth v. Laughman,* 306 Pa.Super. 269, 452 A.2d 548 (1982). The controlling question in cases raising this issue is whether or not a juror could reasonably infer that the accused had engaged in prior criminal activity. *Commonwealth v. Bowermaster,* 297 Pa.Super. 444, 444 A.2d 115 (1982). If such an inference is created, and the accused is prejudiced thereby, then a mistrial must be granted. *Id.* Moreover, whether the remark was intentionally elicited by the Commonwealth, and whether cautionary instructions were given, are considerations relevant to the determination of whether a mistrial is required. *Commonwealth v. Perdue,* 387 Pa.Super. 473, 564 A.2d 489 (1989). In certain situations, curative instructions may suffice to remove the taint of unintentional and innocuous references to prior criminal activity. *Commonwealth v. Gaerttner,* 335 Pa.Super. 203, 484 A.2d 92 (1984).

In the instant case, we find that the trial court abused its discretion in not granting the mistrial. First of all, the remark unnecessarily conveyed to the jury that appellant had a prior criminal record. Although there was only a single reference regarding appellant's prior arson charge, the jury could have reasonably inferred that appellant engaged in prior criminal activity. Since such an inference was created, appellant was entitled to a mistrial if he was prejudiced therefrom. We find that appellant was in fact prejudiced by the remark. The prior crime which was mentioned by the witness was the same exact crime for which the appellant was on trial. Such a reference undoubtedly aroused prejudice in the minds of the jurors by implying that appellant had the propensity to commit arson. In spite of the prejudicial effect of the statement, the trial court gave no cautionary instructions to cure the improper reference. *See e.g., Commonwealth v. Fortune,* 464 Pa. 367, 346 A.2d 783 (1975). Although the disputed testimony was clearly inadmissible, the trial court refused the mistrial

motion because "the remark was not intentionally elicited by the Commonwealth," and because it was ambiguous and did not indicate that appellant was actually convicted of the prior charge. We disagree, and find that although the statement was not intentionally elicited by the Commonwealth, the single reference unnecessarily conveyed to the jury that appellant had a prior criminal offense, an offense which was the same as that for which he was then being tried. Accordingly, the judgment of sentence is reversed and the case is remanded for a new trial [2].

Judgment of sentence reversed.

Case remanded.

Jurisdiction relinquished.

**2.** Appellant raises several other issues on appeal. In view of our holding granting appellant a new trial, we do not consider appellant's remaining contentions.