J-S56021-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARILYN PASQUALICHIO, | : | |
| | : | |
| Appellant. | : | No. 1595 MDA 2017 |

Appeal from the Judgment of Sentence, Entered May 11, 2017,
in the Court of Common Pleas of Luzerne County,
Criminal Division at No(s): CP-40-CR-0003907-2015.

BEFORE: GANTMAN, P.J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY KUNSELMAN, J.: **FILED DECEMBER 07, 2018**

Marilyn Pasqualichio appeals from the judgment of sentence entered after a jury convicted her of several counts of arson and criminal mischief. After careful review, we affirm.

Pasqualichio lived at a duplex in Plymouth, Pennsylvania for ten (10) years. Over that time, Pasqualichio fell behind in her rent. In June 2015, her landlord, Michael Hudak, asked her to move out. By August 2015, Pasqualichio had relocated to another residence, but many of her personal belongings remained at the duplex. Periodically, she returned to the duplex to move more things out.

On August 12, 2015, late in the evening, around 11:00 p.m., Pasqualichio returned to the duplex and spent the night. She left early the next morning around 6:00 a.m. Shortly thereafter, a fire broke out at the

duplex. The tenants on the other side of the duplex, who were all home at the time, managed to get out, but many of their belongings were ruined.

Upon investigation of the fire, Trooper Jarocha of the Pennsylvania State Police concluded that a mattress located in the second floor hallway of Pasqualichio's side of the duplex intentionally had been set on fire. Subsequently, Pasqualichio was charged with one count of arson-danger of death or bodily injury,[1] one count of arson-inhabited building or structure,[2] one count of arson endangering property,[3] one count of reckless burning,[4] and one count of criminal mischief.[5]

Following a jury trial, Pasqualichio was found guilty on all counts. The trial court sentenced Pasqualicio to an aggregate sentence of twenty-two (22) months to a maximum of forty-four (44) months of incarceration followed by five (5) years of probation. Pasqualichio filed post-sentence motion. The trial court denied Pasqualichio's request for judgment of acquittal on the grounds that there was insufficient evidence and that the verdict was against the weight of the evidence. The trial court granted Pasqualichio's request to modify her sentence, and reduced the term of probation following her incarceration to one (1) year. Pasqualichio timely appealed and raises the following three issues:

---

[1] 18 Pa.C.S.A. § 3301(a)(1)(i).
[2] 18 Pa.C.S.A. § 3301(a)(1)(ii).
[3] 18 Pa.C.S.A. § 3301(c)(2).
[4] 18 Pa.C.S.A. § 3301(d)(2).
[5] 18 Pa.C.S.A. § 3304(a)(1).

1. Was the Commonwealth's evidence insufficient to sustain guilty verdicts beyond a reasonable doubt on the charges?

2. Were the verdicts against the weight of the evidence requiring a new trial?

3. Did the court err in denying the Appellant's request for a jury instruction on "consciousness of innocence"?

Pasqualichio's Brief at 5 (excess capitalization omitted).

In her first issue, Pasqualichio contends that the Commonwealth presented insufficient evidence to sustain her convictions for arson and criminal mischief.

In reviewing a sufficiency claim, we must consider "'whether the evidence admitted at trial, and all the reasonable inferences derived therefrom viewed in favor of the Commonwealth as verdict winner, supports the jury's finding of all the elements of the offense beyond a reasonable doubt.'" *Commonwealth v. Cash*, 137 A.3d 1262, 1269 (2016) (*quoting Commonwealth v. Smith*, 985 A.2d 886, 894-95)). Only "where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law." *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000).

Pasqualichio claims that the Commonwealth presented insufficient evidence to establish that she was the one who set the fire, and that she did so willfully and maliciously to support her arson conviction. Pasqualichio's Brief at 14. We disagree.

In pertinent part, 18 Pa.C.S.A. section 3301 provides:

**(a) Arson endangering persons.**--

(1) A person commits a felony of the first degree if he intentionally starts a fire or causes an explosion, or if he aids, counsels, pays or agrees to pay another to cause a fire or explosion, whether on his own property or on that of another, and if:

(i) he thereby recklessly places another person in danger of death or bodily injury, including but not limited to a firefighter, police officer or other person actively engaged in fighting the fire; or

(ii) he commits the act with the purpose of destroying or damaging an inhabited building or occupied structure of another.

\*\*\*

**(c) Arson endangering property.**--A person commits a felony of the second degree if he intentionally starts a fire or causes an explosion, whether on his own property or that of another, or if he aids, counsels, pays or agrees to pay another to cause a fire or explosion, and if:

\*\*\*

(2) he thereby recklessly places an inhabited building or occupied structure of another in danger of damage or destruction; or

\*\*\*

**(d) Reckless burning or exploding.--**A person commits a felony of the third degree if he intentionally starts a fire or causes an explosion, or if he aids, counsels, pays or agrees to pay another to cause a fire or explosion, whether on his own property or on that of another, and thereby recklessly:

\*\*\*

(2) places any personal property of another having a value that exceeds $5,000 or if the property is an automobile, airplane, motorcycle, motorboat or other motor-propelled vehicle in danger of damage or destruction.

18 Pa.C.S.A. § 3301.  The Commonwealth must establish beyond a reasonable doubt that:  1) there was a fire, 2) it was of incendiary origin, and 3) the defendant set the fire.  **Commonwealth v. Ford**, 607 A.2d 764, 766 (Pa. Super. 1992).  Direct evidence is not required.  "Proof of guilt especially in arson cases, may be established [through] circumstantial evidence." **Commonwealth v. Counterman**, 719 A.2d 284 (Pa. 1998) (*quoting* **Commonwealth v. DiNicola**, 468 A.2d 1078, 1081 (Pa. 1983).  "[A]rson, by its very nature, is rarely committed in the presence of others, and a refusal to convict on circumstantial evidence alone would be tantamount to an invitation to commit the crime." **Commonwealth v. Colon**, 399 A.2d 1068, 1073 (Pa. Super. 1979).

In concluding that there was sufficient evidence to support Pasqualichio's convictions for arson, the trial court astutely observed: "not only was there evidence that the fire in the instant matter was intentionally set, [Pasqualichio] was not merely *a* person who could have set the fire, she was *the only* person who could have set the fire."  Trial Court Opinion, 1/23/18 at 9.  Likewise, our review of the evidence and testimony presented at trial shows that the evidence was sufficient to support Pasqualichio's convictions for arson.

The Commonwealth presented expert testimony from Trooper Jarocha of the Pennsylvania State Police, who had twenty-three (23) years of experience as a fire marshal.

Trooper Jarocha opined that the fire was started when someone used an open flame to ignite the mattresses in the upstairs hallway. In reaching his conclusion, Trooper Jarocha ruled out all other causes. He tested Pasqualichio's theory that the fire somehow started by a candle which she accidentally left lit in a box sitting on top of a mattress in the upstairs hallway for a brief period before she left the house that morning. Although Trooper Jarocha burned a candle similar to Pasqualichio's for two (2) hours, much longer than the ten (10) minutes Pasqualichio said she had left the box unattended, the temperature of the wax did not get hot enough to ignite the test mattress. Moreover, upon inspection of the box that contained the candle, which Pasqualichio took with her that morning, Trooper Jarocha observed no damage to the box itself or any of the items in it which were easily ignitable.

Trooper Jarocha also considered Pasqualichio's theory that the fire could have been electrical. According to Pasqualichio, a light fixture had "popped" the night before the fire. However, Trooper Jarocha's inspection revealed no damage to the electrical outlet near the fire damaged area, no damage to the light fixture's bulb, and no sign of any electrical malfunction.

Finally, Trooper Jarocha conducted a mattress burn test in an environment similar to that which existed the morning of the fire. Unlike when the candle was near it, when the mattress was lit with an open flame, the mattress quickly caught fire and burned violently.

Thus, there was evidence that the fire was intentionally set; the remaining question was who set it.

The Commonwealth presented evidence that Pasqualichio came to the duplex the night before the fire. She had not been there for a few weeks, and it was unusual for her to be there so late in the evening since she had relocated. She spent the night there, then left in the morning shortly before the fire broke out. In the early morning hours, Pasqualichio was the only one in her residence; she admitted this.

Around 5:30 a.m. the morning of the fire, the neighboring tenant heard something fall that sounded like glass on Pasqualichio's side of the duplex. About fifteen (15) minutes later, he felt an intense heat along the common wall of the duplex. The fire broke out at the duplex around 6:00 a.m., shortly after Pasqualichio had left.

Thus, there was evidence that Pasqualichio was the one who set the fire.

We therefore find that there was sufficient evidence to establish all the elements of arson beyond a reasonable doubt.

Pasqualichio also contends that the Commonwealth presented insufficient evidence to establish that she had the requisite intent to support her conviction for criminal mischief. To sustain a conviction for criminal mischief, the Commonwealth must prove the following:

> (a) Offense defined.—A person is guilty of criminal mischief if he:
>
> (1) Damages tangible property of another intentionally, recklessly, or by negligence in the

> employment of fire, explosives, or other dangerous means listed in section 3302(a) of this title (relating to causing or risking catastrophe).

18 Pa.C.S.A. § 3304(a)(1). As discussed above, Trooper Jarocha unequivocally concluded that the fire was intentionally set. Moreover, Pasqualichio was the only one in the residence right before the fire broke out.

We therefore also conclude that sufficient evidence was presented to establish the elements of criminal mischief beyond a reasonable doubt.

In her second issue, Pasqualichio argues that the verdicts were against the weight of the evidence. When reviewing a challenge to the weight of the evidence, our standard of review is as follows:

> The essence of appellate review for a weight claim appears to lie in ensuring that the trial court's decision has record support. ***Where the record adequately supports the trial court, the trial court has acted within the limits of its discretion.***
>
> * * *
>
> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.
>
> * * *
>
> An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court. ***Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.***

- 8 -

***Commonwealth v. Clay***, 64 A.3d 1049, 1054–55 (Pa. 2013) (citations omitted) (emphasis added).  Absent an abuse of discretion, the trial court's decision will not be disturbed.  ***See Commonwealth v. Griffin***, 515 A.2d 865, 869 (Pa. 1986).  An abuse of discretion "is not merely an error in judgment.  Rather, it involves bias, partiality, prejudice, ill-will, manifest unreasonableness or a misapplication of the law." ***Commonwealth v. West***, 937 A.2d 516, 521 (Pa. Super. 2007) (citation omitted).  By contrast, a proper exercise of discretion "conforms to the law and is based on the facts of record." ***Id.***

Initially, we note that, although Pasqualichio correctly sets forth this Court's standard of review regarding a weight claim, she does not explain how the trial court abused its discretion in deciding her post-sentence motions. Rather, Pasqualichio really is asking this Court to determine whether the verdict was against the weight of the evidence.  Given the foregoing standard of review, we cannot do so.  Notwithstanding this, we have reviewed the record and the trial court's analysis of this issue, and conclude that the trial court did not abuse its discretion in denying Pasqualichio's weight claims.

Pasqualichio sets forth three bases in support of her argument that the verdict was against the weight of the evidence.  First, Pasqualichio argues that the verdict was against the weight of evidence because the evidence failed to establish beyond a reasonable doubt that she willfully and maliciously set the fire.  Pasqualichio argues that Mr. Hudak, the owner of the property had motive to set the duplex on fire.  Pasqualichio's Brief at 19-20, 22.

In denying Pasqualichio's motion on this basis, the trial court correctly concluded that no motive is required to establish arson, relying on **Commonwealth v. DiNicola**, 454 A.2d 1027, 1032 (Pa. Super. 1982), *vacated on other grounds*, 468 A.2d 1078 (Pa. 1983). Moreover, the trial court aptly analyzed Pasqualichio's argument that the property owner started the fire, stating "the jury was presented with that theory and evidently chose to reject it." Trial Court Opinion, 1/23/18 at 13.

Next, Pasqualichio argues that the verdict was against the weight of the evidence because the Commonwealth's case was overly dependent on Trooper Jarocha's opinion, which was based upon a substandard investigation and questionable tests. Pasqualichio's Brief at 22. In denying Pasqualichio's motion on this basis, the trial court dismissed her argument that Trooper Jarocha was required to offer his opinion beyond a reasonable doubt that the fire was intentionally set. The trial court correctly concluded that neither Pennsylvania Rule of Evidence 702 nor case law require that an expert witness' opinion be given using this standard. Further, the trial court stated that Trooper Jarocha was admitted as an expert witness without objection from Pasqualichio. Trooper Jarocha explained to the jury how he investigated the fire and the process he undertook to determine the origin and cause of the fire, which included consideration of Pasqualichio's own theories. Trial Court Opinion, 1/23/18 at 12-13. Pasqualichio had the opportunity to cross-examine Trooper Jarocha and undercut his theory, which she attempted to do. However, again, the weight to be given his testimony, was for the jury to

determine. We note that Pasqualichio did not offer her own expert. As the jury was instructed, it was free to believe all, part or none of the expert testimony. ***Commonwealth v. Watson***, 945 A.2d 174, 177 (Pa. Super. 2008). Here, they chose to believe Trooper Jarocha that the fire was intentionally set.

Lastly, Pasqualichio argues that the verdict was against the weight of the evidence because the evidence was conflicting and created serious questions requiring a new trial. Pasqualichio's Brief at 18.

In denying Pasqualichio's motion on this basis, the trial court stated that "the jury evidently chose to accept the testimony of the prosecution's witnesses and to disbelieve the witnesses presented by the defense." Trial Court Opinion, 1/23/18 at 14. The trial court instructed the jury on how to assess the weight of the testimony and evidence. Moreover, the fact that there was conflicting evidence is not enough to prevail on a weight claim. The weight to be accorded conflicting evidence is exclusively for the fact finder, whose findings will not be disturbed on appeal if they are supported by record. ***See Commonwealth v. Kearns***, 70 A.3d 881 (Pa. Super. 2013).

From our review, we find that the trial court thoroughly considered all of the evidence presented and pertinent legal principles. It logically analyzed how the jury may have viewed the case. Thus, the trial court's conclusion that the verdict was not so contrary to the evidence so as to shock the conscience of the court was supported by the record in this case. We,

therefore, conclude that the trial court properly exercised its discretion in denying Pasqualichio's weight claims.

In her third issue, Pasqualichio argues that the trial court abused its discretion in denying her request for a "consciousness of innocence" jury instruction. Appellant's Brief at 29. Because she cooperated with the investigation into the fire, voluntarily met with, and gave statements and potential evidence to Trooper Jarocha, the trial court should have given the following instruction to the jury:

> The absence of flight, willingness to speak to the police and general cooperation with the investigation may all be interpreted as indicative of the Defendant's consciousness of innocence. Had there been evidence of flight, noncooperation [et cetera] then the [inverse] would have been true. Flight for example is generally interpreted as evidence of consciousness of guilt. Because none of these factors are present, you may choose to interpret this as evidence of the [Pasqualichio's] innocent conscience. You, the jury, must ultimately be the judge of the weight of the evidence.

Trial Court Opinion at 15. We disagree.

"[O]ur standard of review when considering the denial of jury instructions is one of deference—an appellate court will reverse a court's decision only when it abused its discretion or committed an error of law." *Commonwealth v. Janda*, 14 A.3d 147, 163 (Pa. Super. 2011) (citation omitted). "'It is well-settled that "the trial court has wide discretion in fashioning jury instructions. The trial court is not required to give every charge that is requested by the parties[,] and its refusal to give a requested charge does not require reversal unless the appellant was prejudiced by that refusal.'"

*Commonwealth v. Wise*, 2017 PA Super 295, 171 A.3d 784, 787–88 (2017), *reargument denied* (Nov. 21, 2017), *appeal denied,* 186 A.3d 939 (Pa. 2018) (*quoting* ***Commonwealth v. Scott***, 73 A.3d 599, 602 (Pa. Super. 2013).

The rationale behind a consciousness of innocence instruction is that cooperation with the authorities investigating an incident tends to show that one is not guilty of a particular charge.  In ***Commonwealth v. Thomas***, 54 A.3d 332 (Pa. 2012), our Supreme Court first considered the appropriateness of a consciousness of innocence instruction.  After reviewing other jurisdictions' decisions refusing to apply such a charge, as well as a decision from this Court refusing to apply an absence of flight instruction, the Court declined to apply the consciousness of innocence instruction.  ***Id.*** at 341-43. The Court did, however, as argued by Pasqualichio, leave the door open for a trial court to give such instruction *at its discretion*.  ***Id.*** at 343 fn. 4 (emphasis added).  However, Pasqualichio's case is not that case.

It must be emphasized that the application of a consciousness of innocence instruction is highly doubtful, generally speaking, in any case.[6] There remains no precedent or rule requiring such a charge and the decision

---

[6] In ***Commonwealth v. Selinski***, 2016 WL 5745642 (Pa. Super. 2015), this Court concluded that the trial court did not err in refusing to give a consciousness of innocence instruction where the defendant, like Pasqualichio, cooperated with authorities.  Further, in adopting the trial court's opinion, we agreed with the trial court's analysis that the Supreme Court in ***Thomas*** truly questioned whether there could be an appropriate case to give such an instruction.

of whether to give it continues to be at the trial court's discretion. Here, the trial court did not find that a consciousness of innocence instruction was warranted. In denying Pasqualichio's motion on this basis, the trial court stated that Pasqualichio's conduct was subject to multiple interpretations, and consequently, that matter was properly one of argument to the jury rather than the subject of a jury instruction. Trial Court Opinion, 1/23/18 at 16. All the factors set forth in Pasqualichio's proposed charge are all factors that, with or without such charge, a jury would likely consider in rendering its verdict along with all of the other evidence and testimony. There were no extraordinary circumstances in this case that *might* possibly persuade a trial court to give such instruction. Absent that, we cannot conclude that the trial court abused its discretion in refusing the charge.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/07/2018