J-S47005-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA      IN THE SUPERIOR COURT
                                OF PENNSYLVANIA

                      Appellee

                 v.

JOHN M. SEKERAK

                      Appellant             No. 387 MDA 2020

Appeal from the Judgment of Sentence Entered January 16, 2020
In the Court of Common Pleas of Berks County
Criminal Division at No.: CP-06-CR-0004093-2018

BEFORE:  STABILE, J., NICHOLS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY STABILE, J.:               **FILED MARCH 15, 2021**

Appellant John M. Sekerak appeals from the January 16, 2020 judgment of sentence entered in the Court of Common Pleas of Berks County ("trial court"), following his jury convictions for two counts of arson, recklessly endangering another person ("REAP"), and insurance fraud.[1]  Upon review, we affirm.

The facts and procedural history of this case are undisputed.  Briefly, Appellant was charged in connection with an August 8, 2018 residential fire. The case proceeded to a multi-day jury trial, following which Appellant was found guilty of the aforementioned offenses.  On January 16, 2020, the trial court sentenced Appellant to an aggregate term of 5 to 10 years'

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3301(a)(1)(i) and (ii), 2705, 4117(a)(2), respectively.

imprisonment, followed by two years of state probation. The court also directed Appellant to pay $85,808.79 in restitution. On January 21, 2020, Appellant filed a post-sentence motion, challenging the weight of the evidence and the discretionary aspects of sentencing. On January 23, 2020, the trial court denied Appellant's post-sentence motion. On February 21, 2020, Appellant appealed to this Court. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant raises three issues for our review.

[I.] Whether the evidence was insufficient for the verdicts of guilt for arson, insurance fraud and [REAP]?

[II.] Whether the verdicts of guilt for arson, [REAP] and insurance fraud went against the weight of the evidence?

[III.] Whether the trial court erred and abused its discretion by imposing an excessive sentence?

Appellant's Brief at 10.

At the outset, we note that Appellant abandoned his sufficiency claims relating to his insurance fraud and REAP convictions, because, as the trial court points out, he failed to preserve them in his Rule 1925(b) statement. Appellant's Rule 1925(b) statement provides in pertinent part:

1. The evidence was insufficient to establish the elements of the crimes for which Appellant was convicted. Arson, [REAP], and [i]nsurance [f]raud.

a. There was no direct evidence that [Appellant] set fire that destroyed his home, and

b. The circumstantial evidence presented did not establish his guilt (that he set the fire) beyond a reasonable doubt.

Rule 1925(b) Statement, 4/27/20. Based on the foregoing, the trial court stated that Appellant's Rule 1925(b) statement violated Rule 1925(b)(4)(ii). Indeed, our Court has held:

> If Appellant wants to preserve a claim that the evidence was insufficient, then [his Pa.R.A.P.] 1925(b) statement needs to specify the element or elements upon which the evidence was insufficient. This Court can then analyze the element or elements on appeal. [Where a Pa.R.A.P.] 1925(b) statement does not specify the allegedly unproven elements[,] . . . the sufficiency issue is waived [on appeal].

*Commonwealth v. Williams*, 959 A.2d 1252, 1257 (Pa. Super. 2008) (citation omitted). Here, as the trial court aptly noted, Appellant's Rule 1925(b) statement failed to identify the elements of insurance fraud and REAP upon which he alleges the evidence was insufficient. Accordingly, his sufficiency challenges with respect to insurance fraud and REAP are waived.

Nonetheless, even if we were to consider Appellant's sufficiency claim regarding REAP and insurance fraud as being predicated upon his claim that he did not intentionally or recklessly set the fire (being the only basis upon which Appellant presents a sufficiency challenge, Appellant's Brief p.30-31), the claim still would be without merit. As we explain below, the Commonwealth here proved beyond a reasonable doubt that Appellant committed arson.

A claim challenging the sufficiency of the evidence is a question of law."

*Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000).

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light

most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Antidormi*, 84 A.3d 736, 756 (Pa. Super. 2014), *appeal denied*, 95 A.3d 275 (Pa. 2014).

Section 3301 of the Crimes Code, relating to arson, provides in relevant part:

**(a) Arson endangering persons.**--

(1) A person commits a felony of the first degree if he intentionally starts a fire or causes an explosion, or if he aids, counsels, pays or agrees to pay another to cause a fire or explosion, whether on his own property or on that of another, and if:

(i) he thereby recklessly places another person in danger of death or bodily injury, including but not limited to a firefighter, police officer or other person actively engaged in fighting the fire; or

(ii) he commits the act with the purpose of destroying or damaging an inhabited building or occupied structure of another.

18 Pa.C.S.A. § 3301(a). A conviction for arson requires that the Commonwealth establish three elements: (1) that there was a fire; (2) that it was of incendiary origin; and (3) that appellant set the fire." *Commonwealth v. Ford*, 607 A.2d 764, 766 (Pa. Super. 1992). Further, "[i]t is well established that a conviction for arson may be based solely on circumstantial evidence." *Id.* "[A]rson, by its very nature, is rarely committed in the presence of others, and a refusal to convict on circumstantial evidence alone would be tantamount to an invitation to commit the crime." *Commonwealth v. Colon*, 399 A.2d 1068, 1073 (Pa. Super. 1979).

Here, the trial court explained:

This [c]ourt denies [Appellant's] second complaint[] that the circumstantial evidence presented did not establish guilt beyond a reasonable doubt. There was plenty of testimony pointing to [Appellant's] guilt that would have allowed a jury to convict [him] of arson. [Appellant's] wife testified about the events leading up to the fire and the fire expert stated that he believed this fire was intentionally set because it had two places of origin.

[Appellant's] wife, Nancy Sekerak, testified that the couple was in the midst of bankruptcy proceedings which had began less than a year before the fire. Mrs. Sekerak testified that the couple had problems with a neighbor, Joe. Joe owned a house next to theirs that Mrs. Sekerak described as rundown. She stated that Joe was trying to sell the house despite all of the problems with it. There was an easement behind the Sekeraks home that they would use to enter and exit their carport. She testified that Joe would bring people to the house to look at it and they would block the easement so that the Sekeraks would not be able to drive through the easement. This made the Sekeraks angry and annoyed and Mrs. Sekerak stated that the police had come about five different times to address the situation between the neighbors.

Mrs. Sekerak testified that when she woke up on the morning of the fire, she saw that her husband was working on getting water

out of their flooded basement. She stated that [Appellant] did not seem angry or agitated at that time. Mrs. Sekerak then stated that when she saw Joe at his house, she mentioned it to [Appellant] and that is when he got angry. She testified that he was stomping around and yelling about Joe and at one point [Appellant] told his wife to "get the f out of the house." Mrs. Sekerak testified that her husband was enraged but that she had seen him like this before. She stated that he started to say he was tired of living and he grabbed a gas can and held it over his head and started pouring it onto himself. Mrs. Sekerak testified that it was not a whole can of gas but a substantial amount of gas that he poured onto himself. Mrs. Sekerak testified that [Appellant] told her a second time to "take the cats and get the f out of here." Mrs. Sekerak stated she then grabbed some clothing and went to the car to leave. She testified that she was not worried for her safety but was worried about Joe's safety. Right before she left, she saw [Appellant] carry two propane tanks down to the house and that is when she decided to drive away from the property. Mrs. Sekerak then drove to a nearby gas station and called the police.

The Commonwealth also introduced a recorded call between [Appellant] and Mrs. Sekerak when [Appellant] was incarcerated. During this call, [Appellant] told Mrs. Sekerak to corroborate his story and to tell police that when [Appellant] told Mrs. Sekerak to grab the cats and go it was because the fire had already started. At the end of her testimony, Mrs. Sekerak confirmed that her house was not on fire when she left her home that morning.

Trooper Janssen Herb, an expert in the field of fire investigation, testified to his conclusions about the fire at [Appellant's] house. Trooper Herb testified about the entire investigation process and how he searches the entire house inside and out in order to determine how a fire started. Trooper Herb stated he first found no irregularities with the wiring on the outside of the house. Trooper Herb testified that there were inconsistent burn patterns inside the house and that he had "no way to explain how the fire would have started in the living room could have made its way here to give me this pattern. So this gave a resemblance to what we commonly refer to in the industry as a trailer, which means essentially there is a substance between two points that is utilized to make the fire travel between those two points." Trooper Herb also testified that the one conclusion he could draw was that he had two areas where there were two separate fires at one point.

He stated that he indicated that this was an intentionally set fire in several different areas of the home. Trooper Herb identified an area in the living room as one of the places of origin. Trooper Herb stated that he had found two propane tanks in the home, one in the basement and one in the living room. Trooper Herb also assured the [c]ourt that he makes sure that he does not come up with a determination about a fire that fits his expectations and that a big part of his training was to ignore expectation bias.

Albert Lattanzi Jr., an expert in the field of trace evidence with respect to fire debris, also testified during trial. Mr. Lattanzi testified that he analyzed nine items for accelerants and found gasoline on three of the nine. He also found a light aromatic product on Item 1 which was the flannel shirt [Appellant] was wearing when he was found on his bike miles away from the fire. Mr. Lattanzi stated the light aromatic product could have been paint thinner. Gasoline was found on items 2, 5, and 9. Item 2 was black fabric material, Item 5 was fire debris and Item 9 was black shoes. Items 2 and 9 were on [Appellant's] person at the time he was located by police and Item 5 was fire debris taken from the living room of [Appellant's] home.

The last witness to testify was [Appellant]. He stated he did not start the fire and told a completely different story than his wife. He stated that his wife hit a cigarette out of his mouth and then the house went up in flames. [Appellant] testified that he did not know why his wife would lie. The Commonwealth specifically asked [Appellant] why his wife would lie when her home and belongings were destroyed and all she got was $5,000 from the insurance company to pay for some of her expenses incurred while staying in the motel.

This [c]ourt finds that based on the testimony of Mrs. Sekerak, Trooper Herb, and Albert Lattanzi, the jury had sufficient evidence to establish that [Appellant] was guilty beyond a reasonable doubt. Although [Appellant] testified and stated he did not start the fire, the trier of fact, in this case the jury, was free to believe all, some, or none of [Appellant's] testimony. The jury had enough evidence to satisfy every element of arson. This [c]ourt notes that Firefighter Donald Battista testified that he suffered burns while attempting to fight the fire at [Appellant's] residence. The jury was within their right to find that [Appellant] intentionally set fire to his home and thereby recklessly endangered others.

Trial Court Opinion, 1/4/21, at 4-8 (record citations omitted). Viewing the foregoing evidence in a light most favorable to the Commonwealth, we agree with the trial court's conclusion that the Commonwealth proved beyond a reasonable doubt that Appellant committed arson. Accordingly, Appellant is not entitled to relief.

We next address Appellant's second argument that the verdicts were against the weight of the evidence. As this Court has explained:

> On this issue, our role is not to consider the underlying question of whether the verdict was against the weight of the evidence. Rather, we are to decide if the trial court palpably abused its discretion when ruling on the weight claim. When doing so, we keep in mind that the initial determination regarding the weight of the evidence was for the factfinder. The factfinder was free to believe all, some or none of the evidence. Additionally, a court must not reverse a verdict based on a weight claim unless that verdict was so contrary to the evidence as to shock one's sense of justice.

*Commonwealth v. Habay*, 934 A.2d 732, 736-37 (Pa. Super. 2007) (internal citations omitted), *appeal denied*, 954 A.2d 575 (Pa. 2008). "[A] trial court's denial of a post-sentence motion 'based on a weight of the evidence claim is the least assailable of its rulings.'" *Commonwealth v. Sanders*, 42 A.3d 325, 331 (Pa. Super. 2012) (quoting *Commonwealth v. Diggs*, 949 A.2d 873, 880 (Pa. 2008)).

Here, Appellant argues that the principal evidence against him at trial was grossly inadequate, implausible, unreliable, contradictory and at odds with his proffered version of the facts. Appellant essentially attacks the jury's weight and credibility determination, and invites us to accept his version of

events. We decline the invitation. It is settled that we may not substitute our judgment for that of the factfinder—whether a jury or the trial court—because it is the province of the factfinder to assess the credibility of the witnesses and evidence. *See Commonwealth v. DeJesus*, 860 A.2d 102, 107 (Pa. 2004); *Commonwealth v. Johnson*, 668 A.2d 97, 101 (Pa. 1995) ("an appellate court is barred from substituting its judgment for that of the finder of fact."); *Commonwealth v. Forbes*, 867 A.2d 1268, 1273 (Pa. Super. 2005) (stating that "[t]he weight of the evidence is exclusively for the finder of fact[,] who is free to believe all, part, or none of the evidence and to determine the credibility of witnesses. An appellate court cannot substitute its judgment for that for the finder of fact."). Appellant's claim lacks merit.

Lastly, we address Appellant's challenge to the discretionary aspects of his sentence.[2] It is well-settled that "[t]he right to appeal a discretionary aspect of [a] sentence is not absolute." *Commonwealth v. Dunphy*, 20 A.3d 1215, 1220 (Pa. Super. 2011). Rather, where an appellant challenges the

_____

[2] When reviewing a challenge to the trial court's discretion, our standard of review is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will.

*Commonwealth v. Bowen*, 55 A.3d 1254, 1263 (Pa. Super. 2012) (quoting *Commonwealth v. Cunningham*, 805 A.2d 566, 575 (Pa. Super. 2002)), *appeal denied*, 64 A.3d 630 (Pa. 2013).

discretionary aspects of a sentence, an appellant's appeal should be considered as a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 162 (Pa. Super. 2007). As we stated in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id.* at 170 (citing *Commonwealth v. Evans*, 901 A.2d 528 (Pa. Super. 2006)). Whether a particular issue constitutes a substantial question about the appropriateness of a sentence is a question to be evaluated on a case-by-case basis. *See Commonwealth v. Kenner*, 784 A.2d 808, 811 (Pa. Super. 2001), *appeal denied*, 796 A.2d 979 (Pa. 2002).

Here, Appellant has satisfied the first three requirements of the four-part *Moury* test. Appellant filed a timely appeal to this Court, preserved the issue on appeal through his post-sentence motions, and included a Pa.R.A.P.

2119(f) statement in his brief.[3]   We, therefore, must determine only if Appellant's sentencing issues raise a substantial question.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. ***Commonwealth v. Paul***, 925 A.2d 825, 828 (Pa. Super. 2007).   We have found that a substantial question exists "when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Phillips***, 946 A.2d 103, 112 (Pa. Super. 2008) (citation omitted), ***appeal denied***, 964 A.2d 895 (Pa. 2009).   "[W]e cannot look beyond the statement of questions presented and the prefatory [Rule] 2119(f) statement to determine whether a substantial question exists." ***Commonwealth v. Christine***, 78 A.3d 1, 10 (Pa. Super. 2013), ***affirmed***, 125 A.3d 394 (Pa. 2015).

It is settled that this Court does not accept bald assertions of sentencing errors. ***See Commonwealth v. Malovich***, 903 A.2d 1247, 1252 (Pa. Super. 2006).   When we examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists, "[o]ur inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits."

---

[3] Rule 2119(f) provides that "[a]n appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." Pa.R.A.P. 2119(f).

*Commonwealth v. Ahmad*, 961 A.2d 884, 886-87 (Pa. Super. 2008) (quoting *Commonwealth v. Tirado*, 870 A.2d 362, 365 (Pa. Super. 2005)). A Rule 2119(f) statement is inadequate when it "contains incantations of statutory provisions and pronouncements of conclusions of law[.]" *Commonwealth v. Bullock*, 868 A.2d 516, 528 (Pa. Super. 2005) (citation omitted).

Here, Appellant asserts in his Rule 2119(f) statement that his sentence is excessive because the court did not adequately take into account mitigating factors. Based on Appellant's 2119(f) statement, we conclude that he has failed to raise a substantial question. Appellant's excessiveness claim is premised on his argument that the trial court failed to consider adequately his mitigating circumstances. In this regard, we have "held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." *Commonwealth v. Disalvo*, 70 A.3d 900, 903 (Pa. Super. 2013) (quoting *Commonwealth v. Downing*, 990 A.2d 788, 794 (Pa. Super. 2010)); *see also Commonwealth v. Berry*, 785 A.2d 994 (Pa. Super. 2001) (explaining allegation that sentencing court failed to consider certain mitigating factor generally does not raise a substantial question); *Commonwealth v. Cruz-Centeno*, 668 A.2d 536, 545 (Pa. Super. 1995) ("[a]n allegation that a sentencing [judge] 'failed to consider' or 'did not adequately consider' certain factors does not raise a substantial question that the sentence was inappropriate,"), *appeal denied*, 676 A.2d 1195 (Pa. 1996); *Commonwealth v. Bershad*, 693 A.2d 1303,

1309 (Pa. Super. 1997) (finding absence of substantial question where appellant argued the trial court failed to adequately consider mitigating factors and to impose an individualized sentence). Consistent with the foregoing cases, we conclude that Appellant failed to raise a substantial question with respect to his excessiveness claim premised on inadequate consideration of mitigating factors.

Even if we were to find a substantial question, we still would conclude Appellant is not entitled to relief. Where, as here, the sentencing court had the benefit of a presentence investigation report, *see* N.T. Sentencing, 1/16/20, at 4-5 ("There is a presentence report which I have reviewed multiple times[.]"), we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. *See Commonwealth v. Griffin*, 65 A.3d 932, 937 (Pa. Super. 2013) (citations and internal quotation marks omitted), *appeal denied*, 76 A.3d 538 (Pa. 2013). Pointedly, the trial court remarked at sentencing:

> Well, based on what I heard during the course of this testimony and what I know about this case, it seems to me that there had to be a mental health aspect for what occurred that day. I mean, I don't know any other way to describe this. I'm sure that you were totally exasperated with the circumstances with this common road with your neighbors and this dilapidated property which was probably only feet away from a home that you had owned what I recall for a number of years.
>
>  . . . .
>
> But I am going to take into consideration the fact that I think that that day you were under a lot of stress. I think that most people

don't want to destroy their own home. But I think that you were pushed to the brink for many different reasons: a nagging wife; maybe some mental issues I don't know why you didn't respond to; and a lot of other circumstances that you had going on with your neighbor. I think all those factors led to what happened that day and maybe some others that I am not knowledgeable about.

. . . .

Your sentencing guidelines, by the way, are higher based on the fact that you had a felony conviction in 1990 and you had a felony conviction in 2008. I'm considering your prior record score. I essentially have to do that under our sentencing guidelines.

N.T. Sentencing, 1/16/20, at 16-18 (sic). Here, as the trial court explained, it reviewed the sentencing report and imposed a sentence in the middle of the standard range for arson, and a mitigated range sentence for insurance fraud. *See* Trial Court Opinion, 6/26/20, at 8. Thus, discerning no abuse of discretion by the trial court, we would not disturb Appellant's sentence on appeal.

In sum, this appeal fails. Appellant's sufficiency of the evidence challenge is waived or, in the alternative, devoid of merit. His weight of the evidence claim is meritless. His discretionary aspects of sentencing challenge fails for want of a substantial question.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/15/2021

- 14 -